# CASES

## IN THE

# COURT OF APPEALS OF ALABAMA

### NOVEMBER TERM 1912-13.

## Barker *v.* The State.

### *Murder.*

#### (Decided December 19, 1912. 60 South. 457.)

1. *Appeal and Error; Discontinuance; Time.*—Where there was nothing in the record to indicate that the appeal was taken at the time the sentence was imposed, or at such other time as to make the transcript of the record returnable at a former call of this division or during a former term of this court, the appeal was not subject to discontinuance on the ground that the transcript was not filed, or other action taken during the term to which it was returnable.

2. *Homicide; Elements of Offense; Malice; Instructions.*—Where there was evidence that the murder was the result of the accidental discharge of a gun in the hands of the defendant, the defendant was entitled to have the jury instructed that if they were not satisfied beyond a reasonable doubt that the defendant committed the act charged in malice, they could not find him guilty of murder.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Dawes Barker was convicted of murder in the second degree, and he appeals. Reversed and remanded.

See, also, 2 Ala. App. 92, 57 South. 88.

Judgment was entered March 22, 1912, and the transcript was filed in the Court of Appeals September 25, 1912. The bill of exceptions was presented June 12, 1912, and signed the same day. The notice of appeal was signed by the clerk August 17, 1912.

1 CA

Charge 4, refused to the defendant, is as follows: "If the jury is not satisfied beyond a reasonable doubt that the defendant committed the act charged in malice, they should not find him guilty of murder."

J. M. HOLLY, and LANCASTER & SMOOT, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The cause should be dismissed because of a discontinuance. —So. Ry. v. Abraham Bros., 161 Ala. 318; Porter v. Martin, 139 Ala. 318; Winthrow, et al. v. Woodward Co., 81 Ala. 100. Charge 4 was properly refused, as it does not base an acquittal of murder on the evidence.

WALKER, P. J.—The suggestion, made in argument by the Attorney General, that there was a discontinuance of the appeal, as a result of a failure to file the transcript or to take any other action on the appeal during the term in which it was returnable, is based upon the assumption that the appeal was taken at the time the defendant was sentenced. There is nothing in the record to indicate that the appeal was taken then, or at such other time as to make it returnable during a former term. The suggestion as made involves an admission that the appeal was duly taken, but is based upon a mistaken assumption as to the time when it was taken. We are not of opinion that it is subject to dismissal on the ground that there has been a discontinuance.

Malice is an essential ingredient of the crime of murder. There was evidence tending to show that the killing was the result, not of a voluntary act of the defendant, but of an accidental discharge of a gun in his possession caused by the act of another in taking hold of

[Naugher v. The State.]

and jerking it. In view of such evidence, it was error to refuse to give charge 4, requested by the defendant.

Reversed and remanded.